**Lee Law Firm, PLLC**
8701 Bedford Euless Rd., Suite 510
Hurst, TX 76053

Bar Number: 24041409
Phone: (817) 265-0123

## IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | | |
|---|---|---|---|
| In re: **Darren Lemaur Allen** | xxx-xx-4993 | § | Case No: **18-43482-RFN-13** |
| 1048 Grand Central Pkwy | | § | Date: **9/3/2018** |
| Saginaw, TX 76131 | | § | |
| | | § | Chapter 13 |
| | | § | |
| **Lizette Elizabeth Allen** | xxx-xx-3209 | | |
| 1048 Grand Central Pkwy | | | |
| Saginaw, TX 76131 | | | |

Debtor(s)

### DEBTOR'S(S') CHAPTER 13 PLAN
### (CONTAINING A MOTION FOR VALUATION)

#### DISCLOSURES

☑ This *Plan* does not contain any *Nonstandard Provisions.*

☐ This *Plan* contains *Nonstandard Provisions* listed in Section III.

☐ This *Plan* does not limit the amount of a secured claim based on a valuation of the *Collateral* for the claim.

☑ This *Plan* does limit the amount of a secured claim based on a valuation of the *Collateral* for the claim.

This *Plan* does not avoid a security interest or lien.

Language in italicized type in this *Plan* shall be as defined in the "General Order 2017-01, Standing Order Concerning Chapter 13 Cases" and as it may be superseded or amended ("General Order"). All provisions of the General Order shall apply to this *Plan* as if fully set out herein.

| | | |
|---|---|---|
| Plan Payment: **Variable** | Value of Non-exempt property per § 1325(a)(4): | **$0.00** |
| Plan Term: **60 months** | Monthly Disposable Income per § 1325(b)(2): | **$0.00** |
| Plan Base: **$159,859.00** | Monthly Disposable Income x ACP ("UCP"): | **$0.00** |
| Applicable Commitment Period: **36 months** | | |

Case No: 18-43482-RFN-13
Debtor(s): **Darren Lemaur Allen**
**Lizette Elizabeth Allen**

---

**MOTION FOR VALUATION**

Pursuant to Bankruptcy Rule 3012, for purposes of 11 U.S.C. § 506(a) and § 1325(a)(5) and for purposes of determination of the amounts to be distributed to holders of secured claims who do not accept the *Plan, Debtor(s)* hereby move(s) the Court to value the *Collateral* described in Section I, Part E.(1) and Part F of the *Plan* at the lesser of the value set forth therein or any value claimed on the proof of claim. Any objection to valuation shall be filed at least seven (7) days prior to the date of the *Trustee's* pre-hearing conference regarding Confirmation or shall be deemed waived.

**SECTION I**
**DEBTOR'S(S') CHAPTER 13 PLAN - SPECIFIC PROVISIONS**
**FORM REVISED 7/1/17**

A. **PLAN PAYMENTS:**

    *Debtor(s)* propose(s) to pay to the *Trustee* the sum of:

      **$500.00** per month, months **1** to **1** .

      **$2,701.00** per month, months **2** to **60** .

    For a total of **$159,859.00** (estimated "*Base Amount*").

    First payment is due **10/3/2018** .

    The applicable commitment period ("ACP") is **36** months.

    Monthly Disposable Income ("DI") calculated by *Debtor(s)* per § 1325(b)(2) is: **$0.00** .

    The Unsecured Creditors' Pool ("UCP"), which is DI x ACP, as estimated by the Debtor(s), shall be no less than:
      **$0.00** .

    *Debtor's(s')* equity in non-exempt property, as estimated by *Debtor(s)* per § 1325(a)(4), shall be no less than:
      **$0.00** .

B. **STATUTORY, ADMINISTRATIVE AND DSO CLAIMS:**

    1. **CLERK'S FILING FEE:** Total filing fees paid through the *Plan*, if any, are **$0.00** and shall be paid in full prior to disbursements to any other creditor.

    2. **STATUTORY TRUSTEE'S PERCENTAGE FEE(S) AND NOTICING FEES:** *Trustee's Percentage Fee(s)* and any noticing fees shall be paid first out of each receipt as provided in General Order 2017-01 (as it may be superseded or amended) and 28 U.S.C. § 586(e)(1) and (2).

    3. **DOMESTIC SUPPORT OBLIGATIONS:** The *Debtor* is responsible for paying any Post-petition Domestic Support Obligation directly to the DSO claimant. Pre-petition Domestic Support Obligations per Schedule "E/F" shall be paid in the following monthly payments:

| DSO CLAIMANTS | SCHED. AMOUNT | % | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT $__ PER MO. |
|---|---|---|---|---|
| | | | | |

C. **ATTORNEY FEES:** To **Lee Law Firm, PLLC** , total: **$3,700.00** ;
    **$185.00** Pre-petition; **$3,515.00** disbursed by the *Trustee*.

Case No: 18-43482-RFN-13
Debtor(s): **Darren Lemaur Allen**
**Lizette Elizabeth Allen**

**D.(1) PRE-PETITION MORTGAGE ARREARAGE:**

| MORTGAGEE | SCHED. ARR. AMT | DATE ARR. THROUGH | % | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT |
|---|---|---|---|---|---|
| **SN Servicing**<br>**1048 Grand Central Pkwy** | **$75,910.00** | | **0.00%** | **Month(s) 1-60** | **Pro-Rata** |

**D.(2) CURRENT POST-PETITION MORTGAGE PAYMENTS DISBURSED BY THE TRUSTEE IN A CONDUIT CASE:**

| MORTGAGEE | # OF PAYMENTS PAID BY TRUSTEE | CURRENT POST-PETITION MORTGAGE PAYMENT AMOUNT | FIRST CONDUIT PAYMENT DUE DATE (MM-DD-YY) |
|---|---|---|---|
| **SN Servicing**<br>**1048 Grand Central Pkwy** | **59 month(s)** | **$946.16** | **12/01/2018** |

**D.(3) POST-PETITION MORTGAGE ARREARAGE:**

| MORTGAGEE | TOTAL AMT. | DUE DATE(S) (MM-DD-YY) | % | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT |
|---|---|---|---|---|---|
| **SN Servicing**<br>**1048 Grand Central Pkwy** | **$1,892.32** | | **0.00%** | **Month(s) 1-60** | **Pro-Rata** |

**E.(1) SECURED CREDITORS - PAID BY THE TRUSTEE:**

A.

| CREDITOR / COLLATERAL | SCHED. AMT. | VALUE | % | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT Per Mo. |
|---|---|---|---|---|---|

B.

| CREDITOR / COLLATERAL | SCHED. AMT. | VALUE | % | | TREATMENT Pro-rata |
|---|---|---|---|---|---|
| **Lone Star Title**<br>**2002 Meredes Benz S430** | **$2,568.00** | **$2,500.00** | **4.25%** | | **Pro-Rata** |

To the extent the value amount in E.(1) is less than the scheduled amount in E.(1), the creditor may object. In the event a creditor objects to the treatment proposed in paragraph E.(1), the *Debtor(s)* retain(s) the right to surrender the *Collateral* to the creditor in satisfaction of the creditor's claim.

**E.(2) SECURED 1325(a)(9) CLAIMS PAID BY THE TRUSTEE - NO CRAM DOWN:**

A.

| CREDITOR / COLLATERAL | SCHED. AMT. | % | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT Per Mo. |
|---|---|---|---|---|

B.

| CREDITOR / COLLATERAL | SCHED. AMT. | % | | TREATMENT Pro-rata |
|---|---|---|---|---|
| **Title Max**<br>**2004 BMW 525i** | **$3,400.00** | **4.25%** | | **Pro-Rata** |

Case No:   18-43482-RFN-13
Debtor(s):   **Darren Lemaur Allen**
   **Lizette Elizabeth Allen**

The valuation of *Collateral* set out in E.(1) and the interest rate to be paid on the above scheduled claims in E.(1) and E.(2) will be finally determined at confirmation.  The allowed claim amount will be determined based on a timely filed proof of claim and the *Trustee's Recommendation Concerning Claims* ("TRCC") or by an order on an objection to claim.

Absent any objection to the treatment described in E.(1) or E.(2), the creditor(s) listed in E.(1) and E.(2) shall be deemed to have accepted the *Plan* per section 1325(a)(5)(A) of the Bankruptcy Code and to have waived its or their rights under section 1325(a)(5)(B) and (C) of the Bankruptcy Code.

### F.   SECURED CREDITORS - COLLATERAL TO BE SURRENDERED:

| CREDITOR /<br>COLLATERAL | SCHED. AMT. | VALUE | TREATMENT |
|---|---|---|---|
|  |  |  |  |

Upon confirmation, pursuant to 11 U.S.C. § 1322(b)(8), the surrender of the *Collateral* described herein will provide for the payment of all or part of a claim against the *Debtor(s)* in the amount of the value given herein.

The valuation of *Collateral* in F will be finally determined at confirmation.  The allowed claim amount will be determined based on a timely filed proof of claim and the *Trustee's Recommendation Concerning Claims* ("TRCC") or by an order on an objection to claim.

The *Debtor(s)* request(s) that the automatic stay be terminated as to the surrendered *Collateral*.  If there is no objection to the surrender, the automatic stay shall terminate and the *Trustee* shall cease disbursements on any secured claim which is secured by the *Surrendered Collateral*, without further order of the Court, on the 7th day after the date the *Plan* is filed.  However, the stay shall not be terminated if the *Trustee* or affected secured lender files an objection in compliance with paragraph 8 of the General Order until such objection is resolved.

Nothing in this *Plan* shall be deemed to abrogate any applicable non-bankruptcy statutory or contractual rights of the *Debtor(s)*.

### G.   SECURED CREDITORS - PAID DIRECT BY DEBTOR:

| CREDITOR | COLLATERAL | SCHED. AMT. |
|---|---|---|
| **Tarrant County** | **1048 Grand Central Pkwy** | **$907.50** |

### H.   PRIORITY CREDITORS OTHER THAN DOMESTIC SUPPORT OBLIGATIONS:

| CREDITOR | SCHED. AMT. | TERM (APPROXIMATE)<br>(MONTHS __ TO __) | TREATMENT |
|---|---|---|---|
|  |  |  |  |

### I.   SPECIAL CLASS:

| CREDITOR | SCHED. AMT. | TERM (APPROXIMATE)<br>(MONTHS __ TO __) | TREATMENT |
|---|---|---|---|
|  |  |  |  |

JUSTIFICATION: _____

_____

### J.   UNSECURED CREDITORS:

| CREDITOR | SCHED. AMT. | COMMENT |
|---|---|---|
| **Acceptance Now** | **$1,500.00** |  |
| **Ad Astra Recovery** | **$0.00** |  |
| **AD Astra Recovery Services Inc** | **$582.00** |  |
| **Affirm Inc** | **$265.00** |  |
| **Allied Interstate** | **$0.00** |  |
| **Anderson & Vela, LLP** | **$0.00** |  |
| **AT&T Uverse** | **$172.00** |  |
| **Balance Credit** | **$1,258.00** |  |

Case No: 18-43482-RFN-13
Debtor(s): **Darren Lemaur Allen**
**Lizette Elizabeth Allen**

| | | |
|---|---|---|
| **Ballard Family Denistry** | $544.00 | |
| **Baylor All Saints medical** | $162.00 | |
| **Capital One Bank** | $303.00 | |
| **Carenow** | $205.00 | |
| **Central Credit Service** | $0.00 | |
| **Charter Communications** | $220.00 | |
| **CMRE Financial Services** | $0.00 | |
| **Comenity Bank New York & Co** | $58.00 | |
| **Computer Credit** | $0.00 | |
| **Continental Credit** | $742.00 | |
| **Credence Resource** | $0.00 | |
| **Credit Collection Services** | $0.00 | |
| **Credit Collections Service** | $0.00 | |
| **Credit One Bank** | $832.00 | |
| **Credit Protection Association** | $0.00 | |
| **Credit Systems** | $0.00 | |
| **Dept of Ed/Navient** | $3,444.00 | |
| **Dept of Ed/Navient** | $3,444.00 | |
| **Dermatology Alliance** | $143.00 | |
| **Direct TV** | $379.00 | |
| **Direct TV** | $851.00 | |
| **Direct TV** | $1,687.00 | |
| **Eastern Account System of Connecticut** | $0.00 | |
| **Emerson Law** | $525.00 | |
| **Emerson Law** | $0.00 | |
| **ERC** | $0.00 | |
| **First Choice Emergency Room** | $795.00 | |
| **First Premeir Bank** | $510.00 | |
| **First Premeir Bank** | $826.00 | |
| **Fort Worth Endoscopy Center** | $161.00 | |
| **Fort Worth ENT** | $25.00 | |
| **Franklin Collection** | $0.00 | |
| **Genesis BC/Celtic Bank** | $255.00 | |
| **Genesis Diagnostics** | $3,422.00 | |
| **Genesis Diagnostics** | $1,123.00 | |
| **Genesis Diagnostics** | $342.00 | |
| **Harris & Harris LTD** | $0.00 | |
| **IC System** | $0.00 | |
| **Jonathon Niel & Associates** | $0.00 | |
| **Kemper Insurance** | $146.00 | |
| **Leinart Law** | $0.00 | |
| **Lone Star Title** | $68.00 | **Unsecured portion of the secured debt (Bifurcated)** |
| **Medical City** | $1,298.00 | |
| **Medical City** | $1,172.00 | |
| **Medical City** | $559.00 | |

Case No:   18-43482-RFN-13
Debtor(s):  **Darren Lemaur Allen**
            **Lizette Elizabeth Allen**

| | |
|---|---|
| **Medstar Mobile Healthcare** | **$917.00** |
| **Mercury Casualty Insurance** | **$138.00** |
| **MetLife** | **$1,233.00** |
| **MNET Financial** | **$0.00** |
| **Money Key** | **$428.00** |
| **National Credit Adjusters** | **$0.00** |
| **National Credit Adjusters** | **$0.00** |
| **Nationwide Medical** | **$1,473.00** |
| **Nationwide Recovery Systems** | **$0.00** |
| **North Tarrant Dental Care** | **$206.00** |
| **North Texas Orthopedic** | **$20.00** |
| **NTTA** | **$442.00** |
| **NTTA** | **$311.00** |
| **NTTA** | **$370.00** |
| **NTTA** | **$278.00** |
| **NTTA** | **$243.00** |
| **Principle Genetics, LLC** | **$3,707.00** |
| **ProPath** | **$30.00** |
| **Questcare Intervisits** | **$1,647.00** |
| **Questcare Intervisits** | **$1,564.00** |
| **Questcare Medical SVCS, PLLC** | **$69.00** |
| **Radiology Associates of North Texas** | **$36.00** |
| **Radiology Associates of North Texas** | **$1,100.00** |
| **Sirius XM Radio** | **$53.00** |
| **Spectrum** | **$500.00** |
| **Spectrum** | **$220.00** |
| **Speedy Cash** | **$582.00** |
| **Sprint** | **$782.00** |
| **Tarrant County Infectious Disease** | **$50.00** |
| **TEK Collect** | **$0.00** |
| **Texas Health Physicians Group** | **$126.00** |
| **Texas Health Resources** | **$221.00** |
| **Texas Medicine Resources** | **$271.00** |
| **Texas Pain Inst** | **$949.00** |
| **Texas Radiology Associates** | **$17.00** |
| **The Resource Management** | **$0.00** |
| **Transworld Systems** | **$0.00** |
| **Uheaa** | **$3,500.00** |
| **Webbank** | **$525.00** |
| **Wound Integrity** | **$191.00** |
| TOTAL SCHEDULED UNSECURED: | **$50,217.00** |

The *Debtor's(s')* estimated (but not guaranteed) payout to unsecured creditors based on the scheduled amount is _____**0%**_____.

General unsecured claims will not receive any payment until after the order approving the TRCC becomes final.

Case No: 18-43482-RFN-13
Debtor(s): **Darren Lemaur Allen**
**Lizette Elizabeth Allen**

## K. EXECUTORY CONTRACTS AND UNEXPIRED LEASES:

| § 365 PARTY | ASSUME/REJECT | CURE AMOUNT | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT |
|---|---|---|---|---|
| | | | | |

**SECTION II**
**DEBTOR'S(S') CHAPTER 13 PLAN - GENERAL PROVISIONS**
**FORM REVISED 7/1/17**

### A. SUBMISSION OF DISPOSABLE INCOME:

*Debtor(s)* hereby submit(s) future earnings or other future income to the *Trustee* to pay the *Base Amount.*

### B. ADMINISTRATIVE EXPENSES, DSO CLAIMS & PAYMENT OF TRUSTEE'S STATUTORY PERCENTAGE FEE(S) AND NOTICING FEES:

The Statutory Percentage Fees of the *Trustee* shall be paid in full pursuant to 11 U.S.C. §§ 105(a), 1326(b)(2), and 28 U.S.C. § 586(e)(1)(B). The *Trustee* is authorized to charge and collect Noticing Fees as indicated in Section I, Part "B" hereof.

### C. ATTORNEY FEES:

*Debtor's(s')* Attorney Fees totaling the amount indicated in Section I, Part C, shall be disbursed by the *Trustee* in the amount shown as "Disbursed By The Trustee" pursuant to this *Plan* and the ***Debtor's(s')*** Authorization for Adequate Protection Disbursements ("*AAPD*"), if filed.

### D.(1) PRE-PETITION MORTGAGE ARREARAGE:

The Pre-Petition *Mortgage Arrearage* shall be paid by the *Trustee* in the allowed pre-petition arrearage amount and at the rate of interest indicated in Section I, Part D.(1). To the extent interest is provided, it will be calculated from the date of the Petition. The principal balance owing upon confirmation of the *Plan* on the allowed pre-petition *Mortgage Arrearage* amount shall be reduced by the total adequate protection less any interest (if applicable) paid to the creditor by the *Trustee*. Such creditors shall retain their liens.

### D.(2) CURRENT POST-PETITION MORTGAGE PAYMENTS DISBURSED BY TRUSTEE IN A CONDUIT CASE:

*Current Post-Petition Mortgage Payment(s)* shall be paid by the *Trustee* as indicated in Section I, Part D.(2), or as otherwise provided in the General Order.

The *Current Post-Petition Mortgage Payment(s)* indicated in Section I, Part D.(2) reflects what the *Debtor(s)* believe(s) is/are the periodic payment amounts owed to the *Mortgage Lender* as of the date of the filing of this *Plan*. Adjustment of the *Plan Payment* and *Base Amount* shall be calculated as set out in the General Order, paragraph 15(c)(3).

Payments received by the *Trustee* for payment of the *Debtor's Current Post-Petition Mortgage Payment(s)* shall be deemed adequate protection to the creditor.

Upon completion of the *Plan, Debtor(s)* shall resume making the *Current Post-Petition Mortgage Payments* required by their contract on the due date following the date specified in the *Trustee's* records as the date through which the *Trustee* made the last *Current Post-Petition Mortgage Payment.*

Unless otherwise ordered by the Court, and subject to Bankruptcy Rule 3002.1(f)-(h), if a *Conduit Debtor* is current on his/her *Plan Payments* or the payment(s) due pursuant to any wage directive, the *Mortgage Lender* shall be deemed current post-petition.

### D.(3) POST-PETITION MORTGAGE ARREARAGE:

The *Post-Petition Mortgage Arrearage* shall be paid by the *Trustee* in the allowed amount and at the rate of interest indicated in Section I, Part D.(3). To the extent interest is provided, it will be calculated from the date of the Petition.

*Mortgage Lenders* shall retain their liens.

Case No: 18-43482-RFN-13
Debtor(s): **Darren Lemaur Allen**
**Lizette Elizabeth Allen**

## E.(1)   SECURED CLAIMS TO BE PAID BY TRUSTEE:

The claims listed in Section I, Part E.(1) shall be paid by the *Trustee* as secured to the extent of the lesser of the allowed claim amount (per a timely filed Proof of Claim not objected to by a party in interest) or the value of the *Collateral* as stated in the *Plan*. Any amount claimed in excess of the value shall automatically be split and treated as unsecured as indicated in Section I, Part H or J, per 11 U.S.C. § 506(a).  Such creditors shall retain their liens on the *Collateral* described in Section I, Part E.(1) as set out in 11 U.S.C. § 1325(a)(5)(B)(I) and shall receive interest at the rate indicated from the date of confirmation or, if the value shown is greater than the allowed claim amount, from the date of the Petition, up to the amount by which the claim is over-secured.  The principal balance owing upon confirmation of the *Plan* on the allowed secured claim shall be reduced by the total of adequate protection payments less any interest (if applicable) paid to the creditor by the *Trustee*.

## E.(2)   SECURED 1325(a)(9) CLAIMS TO BE PAID BY THE TRUSTEE--NO CRAM DOWN:

Claims in Section I, Part E.(2) are either debts incurred within 910 days of the *Petition Date* secured by a purchase money security interest in a motor vehicle acquired for the personal use of the *Debtor(s)* or debts incurred within one year of the *Petition Date* secured by any other thing of value.

The claims listed in Section I, Part E.(2) shall be paid by the *Trustee* as fully secured to the extent of the allowed amount (per a timely filed Proof of Claim not objected to by a party in interest).  Such creditors shall retain their liens on the *Collateral* described in Section I, Part E.(2) until the earlier of the payment of the underlying debt determined under non-bankruptcy law or a discharge under § 1328 and shall receive interest at the rate indicated from the date of confirmation.  The principal balance owing upon confirmation of the *Plan* on the allowed secured claim shall be reduced by the total of adequate protection payments paid to the creditor by the *Trustee*.

To the extent a secured claim not provided for in Section I, Part D, E.(1) or E.(2) is allowed by the Court, *Debtor(s)* will pay the claim direct per the contract or statute.

Each secured claim shall constitute a separate class.

## F.   SATISFACTION OF CLAIM BY SURRENDER OF COLLATERAL:

The claims listed in Section I, Part F shall be satisfied as secured to the extent of the value of the *Collateral*, as stated in the *Plan*, by surrender of the *Collateral* by the *Debtor(s)* on or before confirmation.  Any amount claimed in excess of the value of the *Collateral*, to the extent it is allowed, shall be automatically split and treated as indicated in Section I, Part H or J, per 11 U.S.C. § 506(a).

Each secured claim shall constitute a separate class.

## G.   DIRECT PAYMENTS BY DEBTOR(S):

Payments on all secured claims listed in Section I, Part G shall be disbursed by the *Debtor(s)* to the claimant in accordance with the terms of their agreement or any applicable statute, unless otherwise provided in Section III, "Nonstandard Provisions."

No direct payment to the IRS from future income or earnings in accordance with 11 U.S.C. § 1322(a)(1) will be permitted.

Each secured claim shall constitute a separate class.

## H.   PRIORITY CLAIMS OTHER THAN DOMESTIC SUPPORT OBLIGATIONS:

Failure to object to confirmation of this *Plan* shall not be deemed acceptance of the "SCHED. AMT." shown in Section I, Part H. The claims listed in Section I, Part H shall be paid their allowed amount by the *Trustee*, in full, pro-rata, as priority claims, without interest.

## I.   CLASSIFIED UNSECURED CLAIMS:

Classified unsecured claims shall be treated as allowed by the Court.

## J.   GENERAL UNSECURED CLAIMS TIMELY FILED:

All other allowed claims not otherwise provided for herein shall be designated general unsecured claims.

Case No: 18-43482-RFN-13
Debtor(s): **Darren Lemaur Allen**
**Lizette Elizabeth Allen**

### K. EXECUTORY CONTRACTS AND UNEXPIRED LEASES:

As provided in § 1322(b)(7) of the Bankruptcy Code, the *Debtor(s)* assume(s) or reject(s) the executory contracts or unexpired leases with parties as indicated in Section I, Part K.

Assumed lease and executory contract arrearage amounts shall be disbursed by the *Trustee* as indicated in Section I, Part K.

### L. CLAIMS TO BE PAID:

"TERM (APPROXIMATE)" as used in this *Plan* states the estimated number of months from the *Petition Date* required to fully pay the allowed claim. If adequate protection payments have been authorized and made, they will be applied to principal as to both under-secured and fully secured claims and allocated between interest and principal as to over-secured claims. Payment pursuant to this *Plan* will only be made on statutory, secured, administrative, priority and unsecured claims that are allowed or, pre-confirmation, that the *Debtor(s)* has/have authorized in a filed Authorization for Adequate Protection Disbursements.

### M. ADDITIONAL PLAN PROVISIONS:

Any additional *Plan* provisions shall be set out in Section III, "Nonstandard Provisions."

### N. POST-PETITION NON-ESCROWED AD VALOREM (PROPERTY) TAXES AND INSURANCE:

Whether the *Debtor* is a *Conduit Debtor* or not, if the regular payment made by the *Debtor* to a *Mortgage Lender* or any other lienholder secured by real property does not include an escrow for the payment of ad valorem (property) taxes or insurance, the *Debtor* is responsible for the timely payment of post-petition taxes directly to the tax assessor and is responsible for maintaining property insurance as required by the mortgage security agreement, paying all premiums as they become due directly to the insurer. If the *Debtor* fails to make these payments, the mortgage holder may, but is not required to, pay the taxes and/or the insurance. If the mortgage holder pays the taxes and/or insurance, the mortgage holder may file, as appropriate, a motion for reimbursement of the amount paid as an administrative claim or a *Notice of Payment Change by Mortgage Lender* or a *Notice of Fees, Expenses, and Charges.*

### O. CLAIMS NOT FILED:

A claim not filed with the Court will not be paid by the *Trustee* post-confirmation regardless of its treatment in Section I or on the *AAPD.*

### P. CLAIMS FOR PRE-PETITION NON-PECUNIARY PENALTIES, FINES, FORFEITURES, MULTIPLE, EXEMPLARY OR PUNITIVE DAMAGES:

Any unsecured claim for a non-pecuniary penalty, fine, or forfeiture, or for multiple, exemplary or punitive damages, expressly including an IRS penalty to the date of the petition on unsecured and/or priority claims, shall be paid only a pro-rata share of any funds remaining after all other unsecured claims, including late filed claims, have been paid in full.

### Q. CLAIMS FOR POST-PETITION PENALTIES AND INTEREST:

No interest, penalty, or additional charge shall be allowed on any pre-petition claims subsequent to the filing of the petition, unless expressly provided herein.

### R. BUSINESS CASE OPERATING REPORTS:

Upon the filing of the *Trustee's* 11 U.S.C. § 1302(c) Business Case Report, business *Debtors* are no longer required to file operating reports with the *Trustee*, unless the *Trustee* requests otherwise. The filing of the *Trustee's* 11 U.S.C. § 1302(c) Business Case Report shall terminate the *Trustee's* duties but not the *Trustee's* right to investigate or monitor the *Debtor's(s')* business affairs, assets or liabilities.

### S. NO TRUSTEE'S LIABILITY FOR DEBTOR'S POST-CONFIRMATION OPERATION AND BAR DATE FOR CLAIMS FOR PRE-CONFIRMATION OPERATIONS:

The *Trustee* shall not be liable for any claim arising from the post-confirmation operation of the *Debtor's(s')* business. Any claims against the *Trustee* arising from the pre-confirmation operation of the *Debtor's(s')* business must be filed with the Bankruptcy Court within sixty (60) days after entry by the Bankruptcy Court of the Order of Confirmation or be barred.

### T. DISPOSAL OF DEBTOR'S NON-EXEMPT PROPERTY; RE-VESTING OF PROPERTY; NON-LIABILITY OF TRUSTEE FOR PROPERTY IN POSSESSION OF DEBTOR WHERE DEBTOR HAS EXCLUSIVE RIGHT TO USE, SELL, OR LEASE IT; AND TRUSTEE PAYMENTS UPON POST CONFIRMATION CONVERSION OR DISMISSAL:

*Debtor(s)* shall not dispose of or encumber any non-exempt property or release or settle any lawsuit or claim by *Debtor(s)*, prior to discharge, without consent of the *Trustee* or order of the Court after notice to the *Trustee* and all creditors.

Case No: 18-43482-RFN-13
Debtor(s): **Darren Lemaur Allen**
**Lizette Elizabeth Allen**

Property of the estate shall not vest in the *Debtor* until such time as a discharge is granted or the *Case* is dismissed or closed without discharge. Vesting shall be subject to all liens and encumbrances in existence when the *Case* was filed and all valid post-petition liens, except those liens avoided by court order or extinguished by operation of law. In the event the *Case* is converted to a case under chapter 7, 11, or 12 of the Bankruptcy Code, the property of the estate shall vest in accordance with applicable law. After confirmation of the *Plan*, the *Trustee* shall have no further authority, fiduciary duty or liability regarding the use, sale, insurance of or refinance of property of the estate except to respond to any motion for the proposed use, sale, or refinance of such property as required by the applicable laws and/or rules. Prior to any discharge or dismissal, the *Debtor(s)* must seek approval of the court to purchase, sell, or refinance real property.

Upon dismissal of the *Case* post confirmation, the *Trustee* shall disburse all funds on hand in accordance with this *Plan*. Upon conversion of the *Case*, any balance on hand will be disbursed by the *Trustee* in accordance with applicable law.

## U. ORDER OF PAYMENT:

Unless otherwise ordered by the court, all claims and other disbursements made by the Chapter 13 *Trustee* after the entry of an order confirming the Chapter 13 Plan, whether pursuant to this *Plan* or a modification thereof, will be paid in the order set out below, to the extent a creditor's claim is allowed or the disbursement is otherwise authorized. Each numbered paragraph below is a level of payment. All disbursements which are in a specified monthly amount are referred to as "per mo." At the time of any disbursement, if there are insufficient funds to pay any per mo payment in full, claimant(s) with a higher level of payment shall be paid any unpaid balance owed on a per mo payment plus the current per mo payment owed to that same claimant, in full, before any disbursement to a claimant with a lower level of payment. If multiple claimants are scheduled to receive per mo payments within the same level of payment and there are insufficient funds to make those payments in full, available funds will be disbursed to the claimants within that level on a pro-rata basis. Claimants with a higher level of payment which are designated as receiving pro-rata payments shall be paid, in full, before any disbursements are made to any claimant with a lower level of payment.

1st -- Clerk's Filing Fee and Trustee's Percentage Fee(s) and Noticing Fees in B.(1) and B.(2) and per statutory provisions will be paid in full.

2nd -- Current Post-Petition Mortgage Payments (Conduit) in D.(2) and as adjusted according to the General Order, which must be designated to be paid per mo.

3rd -- Creditors listed in E.(1)(A) and E.(2)(A), which must be designated to be paid per mo, and Domestic Support Obligations ("DSO") in B.(3), which must be designated to be paid per mo.

4th -- Attorney Fees in C, which must be designated to be paid pro-rata.

5th -- Post-Petition Mortgage Arrearage as set out in D.(3), if designated to be paid per mo.

6th -- Post-Petition Mortgage Arrearage as set out in D.(3), if designated to be paid pro-rata.

7th -- Arrearages owed on Executory Contracts and Unexpired Leases in K, which must be designated to be paid per mo.

8th -- Any Creditors listed in D.(1), if designated to be paid per mo.

9th -- Any Creditors listed in D.(1), if designated to be paid pro-rata and/or Creditors listed in E.(1)(B) or E.(2)(B), which must be designated to be paid pro-rata.

10th -- All amounts allowed pursuant to a *Notice of Fees, Expenses and Charges*, which will be paid pro-rata.

11th -- Priority Creditors Other than Domestic Support Obligations ("Priority Creditors") in H, which must be designated to be paid pro-rata.

12th -- Special Class in I, which must be designated to be paid per mo.

13th -- Unsecured Creditors in J, other than late filed or penalty claims, which must be designated to be paid pro-rata.

14th -- Late filed claims by Secured Creditors in D.(1), D.(2), D.(3), E.(1) and E.(2), which must be designated to be paid pro-rata, unless other treatment is authorized by the Court.

15th -- Late filed claims for DSO or filed by Priority Creditors in B.(3) and H, which must be designated to be paid pro-rata.

09/17/2018 06:20:25pm

Case No: 18-43482-RFN-13
Debtor(s): **Darren Lemaur Allen**
**Lizette Elizabeth Allen**

16th -- Late filed claims by Unsecured Creditors in J, which must be designated to be paid pro-rata.

17th -- Unsecured claims for a non-pecuniary penalty, fine, or forfeiture, or for multiple, exemplary or punitive damages, expressly including an IRS penalty to the date of the petition on unsecured and/or priority claims. These claims must be designated to be paid pro-rata.

### V. POST-PETITION CLAIMS:

Claims filed under § 1305 of the Bankruptcy Code shall be paid as allowed. To the extent necessary, *Debtor(s)* will modify this *Plan*.

### W. TRUSTEE'S RECOMMENDATION CONCERNING CLAIMS ("TRCC") PROCEDURE:

See the provisions of the General Order regarding this procedure.

Case No:   18-43482-RFN-13
Debtor(s):   **Darren Lemaur Allen**
             **Lizette Elizabeth Allen**

---

### SECTION III
### NONSTANDARD PROVISIONS

The following nonstandard provisions, if any, constitute terms of this *Plan*.  Any nonstandard provision placed elsewhere in the *Plan* is void.

**None.**

I, the undersigned, hereby certify that the *Plan* contains no nonstandard provisions other than those set out in this final paragraph.

**/s/ Eric A. Maskell**
_____                    _____
Eric A. Maskell, Debtor's(s') Attorney                Debtor (if unrepresented by an attorney)


Debtor's(s') Chapter 13 Plan (Containing a Motion for Valuation) is respectfully submitted.

**/s/ Eric A. Maskell**
_____                    **24041409**
Eric A. Maskell, Debtor's(s') Counsel                _____
                                                     State Bar Number

Case No: 18-43482-RFN-13
Debtor(s): **Darren Lemaur Allen**
**Lizette Elizabeth Allen**

---

### CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that the foregoing Debtor's(s') Chapter 13 Plan (Containing a Motion for Valuation) was served on the following entities either by Electronic Service or by First Class Mail, Postage Pre-paid on the   **17th day of September, 2018**   :

(List each party served, specifying the name and address of each party)

Dated:   **September 17, 2018**           **/s/ Eric A. Maskell**
                                                   Eric A. Maskell, Debtor's(s') Counsel

| | | |
|---|---|---|
| Acceptance Now<br>5501 Headquarters Dr<br>Plano, TX 75024 | AT&T Uverse<br>P.O. Box 5014<br>Carol Stream, IL 60197 | Carenow<br>Po Box 9101<br>Coppell, TX 75019 |
| Ad Astra Recovery<br>7330 W 33rd St N Ste 118<br>Wichita, KS 67205 | Attorney General of Texas<br>Collections Div Bankruptcy Sec<br>PO Box 12548<br>Austin, TX 78711-2548 | Central Credit Service<br>9550 Regancy Square Blvd<br>Jacksonville, FL 32225 |
| AD Astra Recovery Services Inc<br>8918 W 21 Street N Suite 200 PMB 303<br>Wichita, KS 67205-1880 | Balance Credit<br>P.O. Box 4356<br>Houston, TX 77210 | Charter Communications<br>P.O. Box 790261<br>Saint Louis, MO 63179 |
| Affirm Inc<br>633 Folsom St Fl 7<br>San Francisco, CA 94107 | Ballard Family Denistry<br>701 W Bailey Boswell Rd<br>Saginaw, TX 76179 | CMRE Financial Services<br>3075 E. Imperial Hwy #200<br>Brea, CA 92821 |
| Allied Interstate<br>P.O. Box 361774<br>Columbus, OH 43236-1714 | Baylor All Saints medical<br>PO Box 740847<br>DALLAS, TX 75374 | Comenity Bank New York & Co<br>220 W Schrock Rd<br>Westerville, OH 43081 |
| Anderson & Vela, LLP<br>4920 Wesport Dr<br>The Colony, TX 75056 | Capital One Bank<br>Po Box 60599<br>City of Industry, CA 91716 | Computer Credit<br>PO Box 5238<br>Winston-Salem, NC 27113-5238 |

Case No: 18-43482-RFN-13
Debtor(s): **Darren Lemaur Allen**
**Lizette Elizabeth Allen**

---

Continental Credit
2901 Alta Mere Dr Ste 950
Fort Worth, TX 76116

Dept of Ed/Navient
P.O. Box 9635
Wilkes Barre, PA 18773

Fort Worth Endoscopy Center
900 West Magnolia Avve
Fort Worth, TX 76104

Credence Resource
P.O. Box 2238
Southgate, MI 48195-4238

Dermatology Alliance
P.O. Box 64437
St Paul, MN 55164

Fort Worth ENT
5751 Edwards Ranch Rd Ste 200
Fort Worth, TX 76109

Credit Collection Services
725 Canton St
Norwood, MA 02062

Direct TV
P.O. Box 92600
Los Angeles, CA 90009

Franklin Collection
P.O. Box 3910
Tupelo, MS 38803-3910

Credit Collections Service
PO Box 773
Needham, MA 02494-0918

Eastern Account System of
Connecticut
P.O. Box 837
Newton, CT 06470-0837

Genesis BC/Celtic Bank
268 S State St Ste 300
Salt Lake CIty, UT 84111

Credit One Bank
PO Box 98875
Las Vegas, NV 89193

Emerson Law
250 Bishops Way Ste 300
Brookefield, WI 53005

Genesis Diagnostics
900 Town Center Dr
Langhorne, PA 19047

Credit Protection Association
P.O. Box 802068
Dallas, TX 75380

ERC
PO Box 23870
Jacksonville, FL 32241-3870

Harris & Harris LTD
111 W. Jackson Blvd. S-400
Chicago, IL 60604

Credit Systems
P.O Box 1088
Arlington, TX 76004

First Choice Emergency Room
P.O.Box 841047
Dallas, TX 75284

IC System
PO Box 64437
Saint Paul, MN 55164

Darren Lemaur Allen
1048 Grand Central Pkwy
Saginaw, TX 76131

First Premeir Bank
3820 N. Louise Ave
Tapeonly, SD 57107

Internal Revenue Service
Department of the Treasury
PO Box 7346
Philadelphia, PA 19101-7

Case No: 18-43482-RFN-13
Debtor(s): **Darren Lemaur Allen**
**Lizette Elizabeth Allen**

Jonathon Niel & Associates
18321 Ventura Blvd
Tarzana, CA 91356

Mercury Casualty Insurance
P.O. Box 203010
Austin, TX 78720

North Texas Orthopedic
2535 Ira E Woods
Grapevine, TX 76051

Kemper Insurance
P.O. Box 55126
Boston, MA 02205

MetLife
P.O. Box 41753
Philadelphia, PA 19101

NTTA
5900 W, Plano Parkway
Plano, TX 75093

Leinart Law
5601 Bridge Street, Suite 400
Fort Worth, TX 76112

MNET Financial
95 Argonaut Suite 250
ALISO VIEJO, CA 92656

Orion
c/o PRA Receivables Management,
LLC
PO Box 41021
Norfolk, VA 23541

Linebarger Goggan Blair & Sampson,
LLP
2777 N Stemmons Frwy Ste 1000
Dallas, Texas 75207

Money Key
3244 Old Capital Fail Ste 1613
Wilmington, DE 19808

Pam Bassel
7001 Blvd. 26, Suite 150
North Richland Hills, TX 76180

Linebarger Goggan Blair & Sampson,
LLP
2323 Bryan Ste 1600
Dallas, Texas 75201

National Credit Adjusters
P.O. Box 3023
Hutchison, KS 67504-0550

Principle Genetics, LLC
900 Town Center Dr
Langhorne, PA 19047

Lone Star Title
6637 Watauga Road
Watauga, TX 76137

Nationwide Medical
2990 Agoura Rd
Agoura Hills, CA 91301

ProPath
P.O. Box 660811
Dallas, TX 75266

Medical City
P.O. Box 639400
Irving, TX 75063

Nationwide Recovery Systems
501 Shelley Dr Ste 300
Tyler, TX 75701

Questcare Intervisits
P.O. Box 99076
Las Vegas, NV 89193

Medstar Mobile Healthcare
P.O. Box 99059
Fort Worth, TX 76199-9059

North Tarrant Dental Care
9587 Sage Meadow Trail
Fort Worth, TX 76177

Questcare Medical SVCS, PLLC
PO Box 99082
Las Vegas, NV 89193-9082

Case No: 18-43482-RFN-13
Debtor(s): **Darren Lemaur Allen**
**Lizette Elizabeth Allen**

Radiology Associates of North Texas
P.O.Box 1723
Indianapolis, TN 46206-1723

Tarrant County Infectious Disease
P.O. Box 162464
Fort Worth, TX 76161

Texas Radiology Associates
PO Box 2285
Indianapolis, IN 46206

Sirius XM Radio
P.O. Box 33174
Detroit, MI 48232

TEK Collect
P.O. Box 1269
Columbus, OH 43216

The Resource Management
P.O. Box 523
Richfield, OH 44286

SN Servicing
0000264908
323 5th Street
Eureka, CA 95501

Texas Alcoholic Beverage Comm
Licences and Permits Division
P.O. Box 13127
Austin, TX 78711-3127

Title Max
209 NE 28th St
Fort Worth, TX 76164

Spectrum
P.O. Box 790261
St Louis, MO 63179

TEXAS EMPLOYMENT COMMISSIO
TEC BUILDING-BANKRUPTCY
101 E. 15TH STREET
AUSTIN, TX 78778

Transworld Systems
507 Prudential Road
Horsham, PA 19044

Speedy Cash
3611 North ridge Road
Wichita, KS 67205

Texas Health Physicians Group
P.O. Box 732262
Dallas, TX 75373-2262

Uheaa
PO BOX 145110
SaltLake City ,UT

Sprint
P.O. Box 530503
Atlanta, GA 30353-0503

Texas Health Resources
611 Ryan Plaza Dr. #220
Arlington, TX 76011

United States Attorney - NORTH
3rd Floor, 1100 Commerce St.
Dallas, TX 75242

STATE COMPTROLLER OF PUBLIC
ACCOUNTS
REVENUE ACCOUNTING DIVISION
P.O. BOX 13528
AUSTIN, TEXAS 78711

Texas Medicine Resources
P.O. Box 8549
Ft. Worth, TX 76124

United States Attorney General
Main Justice Building, Rm. 5111
10th & Constitution Ave
NW Washington D.C. 20530

Tarrant County
2777 N. Stemmons Freeway
Suite 1000
Dallas, TX 75207

Texas Pain Inst
1000 Lipscomb
Fort Worth, TX 76104

Webbank
P.O. Box 1748
Bonita Springs, FL 34134

Case No:    18-43482-RFN-13
Debtor(s):    **Darren Lemaur Allen**
    **Lizette Elizabeth Allen**

Wound Integrity
P.O. Box 842193
Dallas, TX  75284

**Lee Law Firm, PLLC**
8701 Bedford Euless Rd., Suite 510
Hurst, TX 76053

Bar Number: **24041409**
Phone:   **(817) 265-0123**

**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**
Revised 10/1/2016

| | | | | |
|---|---|---|---|---|
| IN RE: **Darren Lemaur Allen** | xxx-xx-4993 | § | CASE NO: **18-43482-RFN-13** | |
| 1048 Grand Central Pkwy | | § | | |
| Saginaw, TX 76131 | | § | | |
| | | § | | |
| | | § | | |
| **Lizette Elizabeth Allen** | xxx-xx-3209 | | | |
| 1048 Grand Central Pkwy | | | | |
| Saginaw, TX 76131 | | | | |

Debtor(s)

## AUTHORIZATION FOR ADEQUATE PROTECTION DISBURSEMENTS     DATED: __9/3/2018__

The undersigned Debtor(s) hereby request that payments received by the Trustee prior to confirmation be disbursed as indicated below:

| Periodic Payment Amount | **Variable Plan Payments.  See Monthly Schedule below.*** | |
|---|---|---|
| Disbursements | First (1) | Second (2) (Other) |
| Account Balance Reserve | $5.00 | $5.00 carried forward |
| Trustee Percentage Fee | $49.50 | See below* |
| Filing Fee | $0.00 | See below* |
| Noticing Fee | $106.05 | See below* |
| **Subtotal Expenses/Fees** | **$160.55** | **See below*** |
| Available for payment of Adequate Protection, Attorney Fees and Current Post-Petition Mortgage Payments: | **$339.45** | **See below*** |

### CREDITORS SECURED BY VEHICLES (CAR CREDITORS):

| Name | Collateral | Scheduled Amount | Value of Collateral | Adequate Protection Percentage | Adequate Protection Payment Amount |
|---|---|---|---|---|---|
| Lone Star Title | 2002 Meredes Benz S430 | $2,568.00 | $2,500.00 | 1.25% | $31.25 |
| Title Max | 2004 BMW 525i | $3,400.00 | $3,000.00 | 1.25% | $37.50 |
| | Total Adequate Protection Payments for Creditors Secured by Vehicles: | | | | **$68.75** |

### CURRENT POST-PETITION MORTGAGE PAYMENTS (CONDUIT):

| Name | Collateral | Start Date | Scheduled Amount | Value of Collateral | Payment Amount |
|---|---|---|---|---|---|
| SN Servicing | 1048 Grand Central Pkwy | 12/01/2018 | $135,118.00 | $155,000.00 | $946.16 |
| | Payments for Current Post-Petition Mortgage Payments (Conduit): | | | | **$946.16** |

*Computer software provided by LegalPRO Systems, Inc., San Antonio, Texas - (210) 561-5300.*

Case No:     18-43482-RFN-13
Debtor(s):   Darren Lemaur Allen
             Lizette Elizabeth Allen

## CREDITORS SECURED BY COLLATERAL OTHER THAN A VEHICLE:

| Name | Collateral | Scheduled Amount | Value of Collateral | Adequate Protection Percentage | Adequate Protection Payment Amount |
|------|-----------|------------------|---------------------|-------------------------------|-----------------------------------|
| | | | | | |

Total Adequate Protection Payments for Creditors Secured by Collateral other than a vehicle: **$0.00**

### TOTAL PRE-CONFIRMATION PAYMENTS

**First Month Disbursement (after payment of Clerk's Filing Fee, any Noticing Fee, Chapter 13 Trustee Percentage Fee, and retention of the Account Balance Reserve):**

| | |
|---|---|
| Current Post-Petition Mortgage Payments (Conduit payments), per mo: | **$0.00** |
| Adequate Protection to Creditors Secured by Vehicles ("Car Creditor"), per mo: | **$68.75** |
| Debtor's Attorney, per mo: | **$270.70** |
| Adequate Protection to Creditors Secured by other than a Vehicle, per mo: | **$0.00** |

**Disbursements starting month 2 (after payment of Clerk's Filing Fee, any Noticing Fee, Chapter 13 Trustee Percentage Fee, and retention of the Account Balance Reserve):**

| | |
|---|---|
| Current Post-Petition Mortgage Payments (Conduit payments), per mo: | **$946.16** |
| Adequate Protection to Creditors Secured by Vehicles ("Car Creditor"), per mo: | **$68.75** |
| Debtor's Attorney, per mo: | **See Monthly Schedule below\*** |
| Adequate Protection to Creditors Secured by other than a Vehicle, per mo: | **$0.00** |

### *Monthly Schedule

| Month | Plan Payment | Account Balance Reserve | Trustee Percentage Fee | Filing Fees | Noticing Fees | Subtotal Expenses/ Fees | Available | Available for APD | Available for Attorney |
|-------|-------------|------------------------|------------------------|-------------|---------------|-------------------------|-----------|-------------------|------------------------|
| 1 | $500.00 | $5.00 | $49.50 | $0.00 | $106.05 | $160.55 | $339.45 | $68.75 | $270.70 |
| 2 | $2,701.00 | | $270.10 | | | $270.10 | $2,430.90 | $1,014.91 | $1,415.99 |
| 3 | $2,701.00 | | $270.10 | | | $270.10 | $2,430.90 | $1,014.91 | $1,415.99 |
| 4 | $2,701.00 | | $270.10 | | | $270.10 | $2,430.90 | $1,014.91 | $412.32 |

**Order of Payment:**

Unless otherwise ordered by the court, all claims and other disbursements made by the Chapter 13 Trustee prior to entry of an order confirming the Chapter 13 Plan will be paid in the order set out above. All disbursements which are in a specified monthly amount are referred to as "per mo". At the time of any disbursement, if there are insufficient funds on hand to pay any per mo payment in full, claimant(s) with a higher level of payment shall be paid any unpaid balance owed on the per mo payment plus the current per mo payment owed to that same claimant, in full, before any disbursement to a claimant with a lower level of payment. Other than the Current Post-Petition Mortgage Payments, the principal balance owing upon confirmation of the Plan on the allowed secured claim shall be reduced by the total of adequate protection payments, less any interest (if applicable), paid to the creditor by the Trustee.

DATED: __**9/17/2018**_____

**/s/ Eric A. Maskell**
_____
Attorney for Debtor(s)

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

IN RE: **Darren Lemaur Allen**

_____

*Debtor*

CASE NO.  **18-43482-RFN-13**

**Lizette Elizabeth Allen**

_____

*Joint Debtor*

CHAPTER  **13**

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on September 17, 2018, a copy of the attached Chapter 13 Plan, with any attachments, was served on each party in interest listed below, by placing each copy in an envelope properly addressed, postage fully prepaid in compliance with Local Rule 9013 (g).

**/s/ Eric A. Maskell**

_____

Eric A. Maskell
Bar ID:24041409
Lee Law Firm, PLLC
8701 Bedford Euless Rd., Suite 510
Hurst, TX 76053
(817) 265-0123

| | | |
|---|---|---|
| Acceptance Now<br>5501 Headquarters Dr<br>Plano, TX  75024 | Allied Interstate<br>P.O. Box 361774<br>Columbus, OH 43236-1714 | Balance Credit<br>P.O. Box 4356<br>Houston, TX  77210 |
| Ad Astra Recovery<br>7330 W 33rd St N Ste 118<br>Wichita, KS 67205 | Anderson & Vela, LLP<br>4920 Wesport Dr<br>The Colony, TX  75056 | Ballard Family Denistry<br>701 W Bailey Boswell Rd<br>Saginaw, TX  76179 |
| AD Astra Recovery Services Inc<br>8918 W 21 Street N Suite 200 PMB 303<br>Wichita, KS 67205-1880 | AT&T Uverse<br>P.O. Box 5014<br>Carol Stream, IL  60197 | Baylor All Saints medical<br>PO Box 740847<br>DALLAS, TX 75374 |
| Affirm Inc<br>633 Folsom St Fl 7<br>San Francisco, CA 94107 | Attorney General of Texas<br>Collections Div Bankruptcy Sec<br>PO Box 12548<br>Austin, TX 78711-2548 | Capital One Bank<br>Po Box 60599<br>City of Industry, CA 91716 |

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

IN RE:  **Darren Lemaur Allen**                                    CASE NO.   **18-43482-RFN-13**

_____
_Debtor_

**Lizette Elizabeth Allen**                                    CHAPTER   **13**

_____
_Joint Debtor_

# CERTIFICATE OF SERVICE
(Continuation Sheet #1)

---

Carenow
Po Box 9101
Coppell, TX 75019

Credence Resource
P.O. Box 2238
Southgate, MI 48195-4238

Dept of Ed/Navient
P.O. Box 9635
Wilkes Barre, PA 18773

Central Credit Service
9550 Regancy Square Blvd
Jacksonville, FL 32225

Credit Collection Services
725 Canton St
Norwood, MA 02062

Dermatology Alliance
P.O. Box 64437
St Paul, MN 55164

Charter Communications
P.O. Box 790261
Saint Louis, MO 63179

Credit Collections Service
PO Box 773
Needham, MA 02494-0918

Direct TV
P.O. Box 92600
Los Angeles, CA 90009

CMRE Financial Services
3075 E. Imperial Hwy #200
Brea, CA 92821

Credit One Bank
PO Box 98875
Las Vegas, NV 89193

Eastern Account System of
Connecticut
P.O. Box 837
Newton, CT 06470-0837

Comenity Bank New York & Co
220 W Schrock Rd
Westerville, OH 43081

Credit Protection Association
P.O. Box 802068
Dallas, TX 75380

Emerson Law
250 Bishops Way Ste 300
Brookefield, WI 53005

Computer Credit
PO Box 5238
Winston-Salem, NC 27113-5238

Credit Systems
P.O Box 1088
Arlington, TX 76004

ERC
PO Box 23870
Jacksonville, FL 32241-3870

Continental Credit
2901 Alta Mere Dr Ste 950
Fort Worth, TX 76116

Darren Lemaur Allen
1048 Grand Central Pkwy
Saginaw, TX 76131

First Choice Emergency Room
P.O.Box 841047
Dallas, TX 75284

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

IN RE: **Darren Lemaur Allen**

_____
*Debtor*

CASE NO.    **18-43482-RFN-13**

**Lizette Elizabeth Allen**

_____
*Joint Debtor*

CHAPTER    **13**

## CERTIFICATE OF SERVICE
(Continuation Sheet #2)

| | | |
|---|---|---|
| First Premeir Bank<br>3820 N. Louise Ave<br>Tapeonly, SD 57107 | IC System<br>PO Box 64437<br>Saint Paul, MN 55164 | Lone Star Title<br>6637 Watauga Road<br>Watauga, TX 76137 |
| Fort Worth Endoscopy Center<br>900 West Magnolia Avve<br>Fort Worth, TX 76104 | Internal Revenue Service<br>Department of the Treasury<br>PO Box 7346<br>Philadelphia, PA 19101-7 | Medical City<br>P.O. Box 639400<br>Irving, TX 75063 |
| Fort Worth ENT<br>5751 Edwards Ranch Rd Ste 200<br>Fort Worth, TX 76109 | Jonathon Niel & Associates<br>18321 Ventura Blvd<br>Tarzana, CA 91356 | Medstar Mobile Healthcare<br>P.O. Box 99059<br>Fort Worth, TX 76199-9059 |
| Franklin Collection<br>P.O. Box 3910<br>Tupelo, MS 38803-3910 | Kemper Insurance<br>P.O. Box 55126<br>Boston, MA 02205 | Mercury Casualty Insurance<br>P.O. Box 203010<br>Austin, TX 78720 |
| Genesis BC/Celtic Bank<br>268 S State St Ste 300<br>Salt Lake City, UT 84111 | Leinart Law<br>5601 Bridge Street, Suite 400<br>Fort Worth, TX 76112 | MetLife<br>P.O. Box 41753<br>Philadelphia, PA 19101 |
| Genesis Diagnostics<br>900 Town Center Dr<br>Langhorne, PA 19047 | Linebarger Goggan Blair & Sampson, LLP<br>2777 N Stemmons Frwy Ste 1000<br>Dallas, Texas 75207 | MNET Financial<br>95 Argonaut Suite 250<br>ALISO VIEJO, CA 92656 |
| Harris & Harris LTD<br>111 W. Jackson Blvd. S-400<br>Chicago, IL 60604 | Linebarger Goggan Blair & Sampson, LLP<br>2323 Bryan Ste 1600<br>Dallas, Texas 75201 | Money Key<br>3244 Old Capital Fail Ste 1613<br>Wilmington, DE 19808 |

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

IN RE: **Darren Lemaur Allen**
_____
　　　　　　　　*Debtor*

CASE NO. **18-43482-RFN-13**

**Lizette Elizabeth Allen**
_____
　　　　　　　　*Joint Debtor*

CHAPTER **13**

# CERTIFICATE OF SERVICE
### (Continuation Sheet #3)

---

National Credit Adjusters
P.O. Box 3023
Hutchison, KS 67504-0550

Pam Bassel
7001 Blvd. 26, Suite 150
North Richland Hills, TX 76180

SN Servicing
0000264908
323 5th Street
Eureka, CA 95501

Nationwide Medical
2990 Agoura Rd
Agoura Hills, CA 91301

Principle Genetics, LLC
900 Town Center Dr
Langhorne, PA 19047

Spectrum
P.O. Box 790261
St Louis, MO 63179

Nationwide Recovery Systems
501 Shelley Dr Ste 300
Tyler, TX 75701

ProPath
P.O. Box 660811
Dallas, TX 75266

Speedy Cash
3611 North ridge Road
Wichita, KS 67205

North Tarrant Dental Care
9587 Sage Meadow Trail
Fort Worth, TX 76177

Questcare Intervisits
P.O. Box 99076
Las Vegas, NV 89193

Sprint
P.O. Box 530503
Atlanta, GA 30353-0503

North Texas Orthopedic
2535 Ira E Woods
Grapevine, TX 76051

Questcare Medical SVCS, PLLC
PO Box 99082
Las Vegas, NV 89193-9082

STATE COMPTROLLER OF PUBLIC
ACCOUNTS
REVENUE ACCOUNTING DIVISION
P.O. BOX 13528
AUSTIN, TEXAS 78711

NTTA
5900 W, Plano Parkway
Plano, TX 75093

Radiology Associates of North Texas
P.O.Box 1723
Indianapolis, TN 46206-1723

Tarrant County
2777 N. Stemmons Freeway
Suite 1000
Dallas, TX 75207

Orion
c/o PRA Receivables Management, LLC
PO Box 41021
Norfolk, VA 23541

Sirius XM Radio
P.O. Box 33174
Detroit, MI 48232

Tarrant County Infectious Disease
P.O. Box 162464
Fort Worth, TX 76161

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

IN RE: **Darren Lemaur Allen**
_____
*Debtor*

CASE NO. **18-43482-RFN-13**

**Lizette Elizabeth Allen**
_____
*Joint Debtor*

CHAPTER **13**

## CERTIFICATE OF SERVICE
(Continuation Sheet #4)

TEK Collect
P.O. Box 1269
Columbus, OH 43216

Texas Radiology Associates
PO Box 2285
Indianapolis, IN 46206

Webbank
P.O. Box 1748
Bonita Springs, FL 34134

Texas Alcoholic Beverage Comm
Licences and Permits Division
P.O. Box 13127
Austin, TX 78711-3127

The Resource Management
P.O. Box 523
Richfield, OH 44286

Wound Integrity
P.O. Box 842193
Dallas, TX 75284

TEXAS EMPLOYMENT COMMISSION
TEC BUILDING-BANKRUPTCY
101 E. 15TH STREET
AUSTIN, TX 78778

Title Max
209 NE 28th St
Fort Worth, TX 76164

Texas Health Physicians Group
P.O. Box 732262
Dallas, TX 75373-2262

Transworld Systems
507 Prudential Road
Horsham, PA 19044

Texas Health Resources
611 Ryan Plaza Dr. #220
Arlington, TX 76011

Uheaa
PO BOX 145110
SaltLake City ,UT

Texas Medicine Resources
P.O. Box 8549
Ft. Worth, TX 76124

United States Attorney - NORTH
3rd Floor, 1100 Commerce St.
Dallas, TX 75242

Texas Pain Inst
1000 Lipscomb
Fort Worth, TX 76104

United States Attorney General
Main Justice Building, Rm. 5111
10th & Constitution Ave
NW Washington D.C. 20530